**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2976
_____

BENEZET CONSULTING LLC; TRENTON POOL;
CAROL LOVE,
Appellants

v.

SECRETARY COMMONWEALTH OF PENNSYLVANIA;
COMMISSIONER BUREAU OF COMMISIONS
ELECTIONS & LEGISLATION

═══════════

On Appeal from the United States District Court
for Middle District of Pennsylvania
(D.C. No. 1-16-cv-00074)
District Judge: Hon. Yvette Kane

═══════════

Argued on September 24, 2021

Before: MCKEE, RESTREPO, and ROTH, *Circuit Judges*.

(Opinion filed: February 24, 2022)

Lawrence M. Otter, Esq.
P.O. Box 575
Silverdale, PA 18962

Paul A. Rossi, Esq. [ARGUED]
IMPG Advocates Inc
316 Hill Street
Mountville, PA 17554
        *Counsel for Appellants*


Howard G. Hopkirk, Esq.
Office of Attorney General of Pennsylvania
Strawberry Square
Harrisburg, PA 17120

Claudia M. Tesoro, Esq. [ARGUED]
Office of Attorney General of Pennsylvania
1600 Arch Street,
Suite 300
Philadelphia, PA 19103
        *Counsel for Appellees*

—————

OPINION OF THE COURT

—————

RESTREPO, *Circuit Judge*.

Appellants Benezet Consulting, LLC ("Benezet") and Trenton Pool

("Pool") are out-of-state petition circulators.[1] In this appeal, we must decide whether an injunction enjoining Pennsylvania's election officials from enforcing the In-State Witness Requirement as to Appellants Benezet and Pool should be made permanent and extended to future elections beyond 2020. We hold that permanent injunctive relief extended to all future elections is appropriate for Appellant circulators only, not to all similarly situated individuals, and only if Appellant circulators continue to submit to the jurisdiction of the Commonwealth of Pennsylvania.

This matter originated in 2016 and challenged Pennsylvania's ban on out-of-state circulators for primary election petitions. In 2020, the District Court found that the ban was not facially unconstitutional, but it was unconstitutional as applied to Benezet and Pool for the 2020 election only. Appellants did not appeal the District Court's conclusion that the ban was not facially unconstitutional. After the District Court declined to expand the injunctive relief to cover future elections for Appellees and all similarly situated individuals, this appeal followed.

---

[1] In Pennsylvania, a candidate seeking to be placed on a major political party's ballot must obtain 2,000 signatures from individuals who are both registered voters within the Commonwealth and members of the candidate's political party. 25 P.S. §§ 2867 & 2872.1. A "circulator" is one who obtains signatures for nomination petitions for a prospective candidate. *See id.* § 2869.

The issue before us concerns a review of the scope of injunctive relief rather than the substantive law applied.[2] This appeal boils down to one question: Is a permanent injunction appropriate where relief is granted on an as-applied basis? We must decide whether the District Court erred in denying Benezet and Pool's request to have the enjoinment of Pennsylvania's 25 P.S. § 2869 (the "In-State Witness Requirement"), as applied to them, permanently extended to all future elections and all similarly situated individuals. Following a review of the record and oral argument, we vacate the District Court's order and hold that the injunctive relief shall be applied permanently to Appellants Benezet and Pool on the condition that the Appellant circulators submit to the Commonwealth's jurisdiction.

## I. BACKGROUND

### A. Factual Background.

Under Pennsylvania law, candidates seeking to be placed on a major party's ballot must obtain at least 2,000 signatures on a nomination petition, and Section 2869 of the Pennsylvania Election Code requires that any circulator of nomination petitions be "a qualified elector of the Commonwealth, who is duly registered and enrolled as a member of the party

---

[2] The parties do not dispute the District Court's finding that the ban on out-of-state circulators is unconstitutional as applied to Benezet and Pool during the 2020 election.

4

designated in said petition."[3] 25 P.S. §§ 2867-2869. Appellant Benezet is a Texas limited liability company, of which Appellant Pool is the only member, and is involved in the business of gathering signatures for political campaigns. Benezet's business specifically deals with "political consulting, ballot access and signature gathering." Pool is a registered Republican in the state of Texas. Appellant Carol Love ("Love") is a registered Republican who resides in the Commonwealth of Pennsylvania. Benezet took part in signature-gathering efforts in Pennsylvania as part of the 2016 presidential election. In doing so, Benezet hired signature gatherers as independent contractors. Benezet's contractors are paid on a per signature basis.

In 2016, Benezet entered a contract to gather signatures for: (1) Ted Cruz for his candidacy for the 2016 Republican Party nomination for United States president; (2) Donald Trump for his candidacy for the 2016 Republican Party nomination for United States president; and (3) Rocky De La Fuente for his candidacy for both the Democratic Party nomination and as an independent candidate for president. As a direct result of the In-State Witness Requirement,[4] Benezet is required to charge

[3] This requirement does not apply if the petition "relates to the nomination of a candidate for a court of common pleas, for the Philadelphia Municipal Court or for justice of the peace." 25 P.S. § 2869.

[4] 25 P.S. § 2869 requires in part that the affidavit of circulator for a nomination petition be executed by a person who is a registered member of the party designated on the petition (such

5

candidates a higher rate per signature collected than in other states because Pool "had to pay witnesses to work with his professional circulators in Pennsylvania." App. 12. The requirement imposes additional problems for signature collection drives because of tethered to witness availability. Benezet had trouble "find[ing] enough witnesses to circulate nomination petitions" in three out of five congressional districts and the lack of Pennsylvania in-state witnesses caused Cruz delegates not to make it onto the 2016 primary election ballot. App. 12-13.

Benezet relies extensively on transient workers with no fixed addresses. Generally, these companies use independent contractors that are paid to travel from state-to-state placing initiatives and candidates on ballots. Appellee Br. at 10. Benezet claims it "would have brought in more circulators for the 2016 presidential nomination petitions" were it not for the In-State Witness Requirement. Appellant Br. at 11.

Love is a registered Republican from Pennsylvania and was added as a plaintiff to Appellant's Second Amended Complaint. She has signed at least one nomination petition for a local Republican candidate in Pennsylvania prior to 2016. Love was allegedly willing to sign a nomination petition in 2016 and was expected to sign a petition that Benezet expected to circulate. However, she was not afforded an opportunity to do so because Benezet was not able to secure an in-state witness to travel with Pool to Lancaster County, where Love

that out-of-state circulators must be accompanied by that individual in circulating nomination petitions).

6

resides, to secure her signature on a nomination petition. Appellants argue that the residency ban impairs Love's right to have Benezet's out-of-state petition circulators reach out to her and offer her to sign candidate petitions for her party's primary election. Appellant Br. at 9.

## B. Procedural Background.

Benezet and Pool initiated this action on January 14, 2016 by filing a complaint against Appellees: (1) Pedro A. Cortes ("Cortes"), in his official capacity as the Secretary of the Commonwealth of Pennsylvania and, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Appellants substituted Cortes with Kathy Boockvar ("Boockvar") after she was appointed Secretary of State following Cortes's resignation; and, (2) Jonathan Marks ("Marks"), in his official capacity as Commissioner for the Bureau of Commissions, Elections and Legislation (referred to together herein as "Appellees"), challenging specific provisions of Pennsylvania's Election Code (the "Election Code"), in connection with Pennsylvania's primary election for president of the United States. Appellants filed a motion for temporary restraining order, which the District Court denied on January 27, 2016. In Appellants' second amended complaint, Appellants requested declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and sought to prohibit Pennsylvania state officials from enforcing the state residency requirement for witnesses of nomination petition circulation under Section 2869's In-State Witness Requirement. Count I, the facial challenge, and Count II, the as-applied challenge, of Appellants' second amended

complaint allege the In-State Witness Requirement violates the First and Fourteenth Amendments to the United States Constitution both facially and as applied to Appellants. Adjudication of Counts I and III through X of Appellants' second amended complaint are not the subject of this appeal.

Upon completion of discovery, the parties filed cross-motions for summary judgment. On January 13, 2020, the District Court issued an opinion granting in part, denying in part Appellees and Appellants' cross-motions for summary judgment. The District Court held that Appellants' claims were justiciable and that Appellants have standing to pursue their claims. The District Court found that the residency requirement for circulators of nomination petitions was unconstitutional as applied to Appellants. The District Court, however, limited relief to just the circulation of nomination petitions by Plaintiff-Appellants in the 2020 Republican presidential primary. On February 10, 2020, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Appellants filed a motion to amend or alter the judgment of the District Court requesting that the as-applied relief be made permanent as to Appellants. The District Court denied Appellants' motion to amend the judgment on August 28, 2020. Appellants timely filed a notice of appeal on September 25, 2020.

Appellees did not contest the District Court's adjudication of the injunctive relief, only the extension of the injunction to future elections. Accordingly, the only issue before this Court is the extent of the as-applied relief granted on Count II of Appellants' second amended complaint.

## II. JURISDICTION AND STANDARD OF REVIEW

Our standard of review of a district court's decision granting a permanent injunction is an abuse of discretion. *N.A.A.C.P. v. North Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011). "A district court abuses its discretion if its decision rests on an incorrect legal standard, a clearly erroneous factual finding, or a misapplication of the law to the facts." *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019). A district court's grant of an injunction pursuant to Fed.R.Civ.P. 65(d) must create a remedy that is "no broader than necessary to provide full relief to the aggrieved plaintiff." *Belitskus v. Pizzingrilli*, 343 F.3d 632, 649 (3d Cir. 2003) (citing *McLendon v. Continental Can Co.*, 908 F.2d 1171, 1182 (3d Cir.1990)).

We must also address mootness of the appeal in light of the completion of the 2020 elections. Although there is no dispute regarding the mootness, we must nevertheless address this question to ensure that we have jurisdiction. *See Whiting v. Krassner*, 391 F.3d 540, 544 (3d Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).

A well-established exception to the mootness doctrine holds that we have jurisdiction to decide technically moot cases which are "capable of repetition, yet evading review." *Rendell v. Rumsfeld*, 484 F.3d 236, 241 (3d Cir. 2007) (quotations omitted). The exception applies when "(1) the challenged

9

action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)) (quotations omitted).

This case meets both criteria. The procedural history of the case demonstrates that it could not have been fully litigated before the completion of the 2020 elections. Because 25 P.S. § 2869 remains in place, it is entirely likely that Appellants will be subject to it in future election cycles, creating the same controversy that took place in the most recent election. The instant appeal thus presents a case that is "capable of repetition, yet evading review." We have jurisdiction to decide it.

## III.    DISCUSSION

Unlike facial relief, as-applied relief must contest a specific application of a law. In general, "the distinction between facial and as-applied challenges . . . . goes to the breadth of the remedy employed by the Court." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010). That is, "[a]n 'as applied' challenge is a claim that the operation of a statute is unconstitutional in a particular case while a facial challenge indicates that the statute may rarely or never be constitutionally applied." 16 C.J.S. Constitutional Law § 243; *see also United States v. Huet*, 665 F.3d 588, 600-01 (3d Cir. 2012) (noting that an as-applied attack contends that the a law is unconstitutional, not as written but rather in its

application to a specific person under specific circumstances); *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010) (same). The Supreme Court has also commented on the distinction, noting that as-applied relief must be limited to the specific plaintiffs and circumstances of the litigation. *Doe v. Reed*, 561 U.S. 186 (2010) ("Because [the]… claim and the relief that would follow— an injunction . . . — reach beyond the particular circumstances of these plaintiffs, they must satisfy this Court's standards for a facial challenge to the extent of that reach.").[5]  However, there may

[5] Our Sister Circuits have similarly noted this distinction. *See Catholic Leadership Coal. of Tex. v. Reisman*, 764 F.3d 409, 425 (5th Cir. 2014) ("[T]o categorize a challenge as facial or as-applied we look to see whether the 'claim and the relief that would follow . . . reach beyond the particular circumstances of the [ ] plaintiffs.' If so, regardless of how the challenge is labeled by a plaintiff, '[t]hey must therefore satisfy our standards for a facial challenge to the extent of that reach.'") (second and third alterations in original) (citation omitted) (quoting *Reed*, 561 U.S. at 194); *Disc. Tobacco City & Lottery, Inc. v. United States*, 674 F.3d 509, 522 (6th Cir. 2012) ("In this case, Plaintiffs label their claims as both facial and as-applied challenges to the Act, but because the 'plaintiffs' claim and the relief that would follow . . . reach beyond the particular circumstances of these plaintiffs,' the claims that are raised are properly reviewed as facial challenges to the Act." (quoting *Reed*, 561 U.S. at 194)); *see also Am. Fed'n of State, Cnty. & Mun. Emps. Council 79 v. Scott*, 717 F.3d 851, 862 (11th Cir. 2013) ("We look to the scope of the relief requested to determine whether a challenge is facial or as-applied in nature.").

be instances when a court can exercise its powers to broaden the scope of as-applied relief if the constitutional attack reveals that a law is invalid "across the board." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2297 (2016); *see also Citizens United v. FEC*, 558 U.S. 310, 333 (2010) (reasoning that in "the exercise of its judicial responsibility" it may be "necessary . . . for the Court to consider the facial validity" of a statute, even though a facial challenge was not brought).

At oral argument, Appellants narrowed their request for relief and asked this Court to extend injunctive relief to only the named Appellants, not all similarly situated individuals. Though this differs from what Appellants argued in their brief, we agree that an extension of relief for Benezet and Pool is appropriate so long as they submit to the jurisdiction of the Commonwealth of Pennsylvania. Where the requested relief pertains only to the appellant circulators themselves, the circumstances—future election cycles included—are limited enough to invoke as-applied relief so long as the Appellants agree to submit to the jurisdiction of the Commonwealth of Pennsylvania. As long as 25 P.S. § 2869 remains in effect and Benezet and Pool submit to the jurisdiction of the Commonwealth of Pennsylvania, the circumstances that were in place at the time Appellants filed their complaint will remain and duplicate at each election; Benezet and Pool will continue to be repeatedly subject to the requirements of Section 2869 and eligible for injunctive relief. Limiting the injunctive relief to the specific parties to this litigation honors the principles of as-applied relief as set out by the Supreme Court in *Doe v.*

12

*Reed*, 561 U.S. 186 requiring as-applied relief be limited to the specific plaintiffs and circumstances of the litigation.

While an extension of injunctive relief pertaining to Benezet and Pool in future elections is appropriate here, the same does not hold true for all similarly situated individuals. The Appellants' as-applied claims do not show that the 25 P.S. § 2869 is invalid as applied to *all* circulators, both in the last election and future elections, covered by the statute at issue.[6] Further, similarly situated individuals seeking to litigate similar claims would require a factual record specific to each plaintiff including, but not limited to, each individual circulator's submission to the jurisdiction of the Commonwealth of Pennsylvania. As the District Court noted,

> examining the merits of Plaintiffs' First Amendment challenge to the In-State Witness Requirement requires the development of a specific factual record on which the Court may ascertain the ability of the Commonwealth to further its interest in preventing voter fraud

---

[6] In fact, Appellants concede that "[o]ut-of-state circulators unwilling to submit to the jurisdiction of the Commonwealth, or who are not members of the same political party as the candidate, are properly excluded from the court's as-applied injunctive relief from the residency requirement imposed on circulators of nomination petitions by 25 P.S. § 2869." Appellant Br. at 16.

13

> while ensuring that the First Amendment rights of the circulators are not impermissibly infringed.

App. 58. Here, Appellants' request for permanent relief for themselves *and all similarly situated individuals* would go beyond the specific plaintiffs and circumstances of this litigation, and it would constitute facial relief. A factual record specific to each similarly situated individual circulator will be necessary to determine the appropriate relief in future elections. Each individual circulator will need to demonstrate, among other factors, their willingness to submit to the jurisdiction of the Commonwealth for the purpose of nomination circulation. We therefore decline to extend the injunctive relief to all similarly situated out-of-state circulators.

Appellants also request relief for Love. Love is not an out-of-town circulator but rather a registered Republican and Pennsylvania resident who, because of the In-State Witness Requirement, was unable to sign a nomination petition that Benezet expected to circulate in 2016. Appellants argue that the Witness Requirement compromised Love's First Amendment right to receive the speech of out-of-town circulators, including her co-appellants and similarly situated individuals. While it is unclear whether or not Love has standing in this matter, we need not address that question here; the extension of injunctive relief to Benezet and Pool addresses and effectively moots Love's issues with respect to her co-

14

appellants. To the extent that Love is seeking to receive nomination petition-related speech from her named co-appellants during future election cycles, this Court's extension of the injunctive relief to Benezet and Pool will allow her to do so without the impediments of Section 2869's In-State Witness Requirement, so long as her co-appellants submit to the jurisdiction of the Commonwealth of Pennsylvania. To the extent that Love seeks to receive nomination petition-related speech from similarly situated out-of-state circulators, we decline to extend such relief. Doing so would constitute facial relief, which would be inappropriate here for reasons we have already explained.

## IV.    CONCLUSION

For the foregoing reasons, we vacate and remand the order to the District Court with direction to enter the permanent injunction in favor of Appellants Benezet and Pool only, so long as they agree to submit to the jurisdiction of the Commonwealth of Pennsylvania.